IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Corporate Excise Tax

UNIVERSAL EDI CORP.,          )
                                   )
          Plaintiff,           )    TC-MD 120373D
                                   )
      v.                      )
                                   )
DEPARTMENT OF REVENUE,     )
State of Oregon,                )
                                 )
         Defendant.       **DECISION**

Plaintiff appeals Defendant's Notices of Proposed Adjustment and/or Distribution, dated March 1, 2012 and March 7, 2012, for tax years 2007, 2008 and 2009. A trial was held in the Oregon Tax Mediation Center, Salem, Oregon on March 12, 2013. Andre Roode (Roode), President, Universal EDI Corporation, appeared and testified on behalf of Plaintiff. Celita Holt (Holt), Senior Tax Auditor, Oregon Department of Revenue, appeared and testified on behalf of Defendant.

Plaintiff's Brief (pages 1 through 11) and Exhibits 1 through 6 and Defendant's Exhibit B, page 17, and Exhibit G pages 2 and 15-16, and Exhibits I, L, M, O, R, S and W[1] were received without objection.

Defendant filed a Motion for Protective Order on February 22, 2013, stating that "[b]ecause Defendant's exhibits contain protected information exempt from public disclosure under the public records law, Defendant requests that all exhibits in this case be segregated from the file and not disclosed to the public under a Protective Order authorized by ORS 305.430(3). Defendant's Motion for Protective Order is granted with respect to Defendant's Exhibits that were admitted.

---

[1] Defendant exchanged additional exhibits, but they were not offered as evidence.

## I. STATEMENT OF FACTS

The parties stipulated:

"a. [Plaintiff] provided transaction processing services (orders, invoices, etc.) to businesses in 5 time zones

"b. Processed time-sensitive transactions in its data center

"c. Competed against large national firms which operated data centers around the clock

"d. Had premises at 130 SW Woods St where the data center was located and all work was performed

"e. Had one full time employee

"f. Offered more than 5 software products and related services which are unique to the firm

"g. Was not required to have a written contract for rent."

(Ptf's Brief at 4.)  During tax years 2007, 2008 and 2009 Plaintiff recorded its books and records on a cash basis.

Roode testified that

"[i]n order to compete against large and well-funded national firms we have to offer unique solutions – which requires proprietary software.  * * * This struggling corporation's customers obviously require it to run a 24 hour data center, 365 days per year.  Doing that without having its one full-time employee living on the premises is clearly not practical."

Roode testified that his "bed is 12 feet from a server."  Roode referenced Exhibits 1 and 2, testifying that "processes * * * run at all hours of the day and night – translating and transmitting transactions from large corporations such as Target, Wal-Mart, Home Depot, Kroger, Amazon, etc.  All of which obviously process and transmit transactions around the clock, year-round." (Ptf's Brief at 5.)  Roode testified that Plaintiff "qualifies for a section 119 lodging deduction." In Plaintiff's Brief, Roode stated "that the corporation did not pay these Rent amounts during the tax years in question – it simply did not have the resources to do so – it is also true that since

then both the corporation and the recipients have filed amended returns to the IRS & the Oregon Dept. of Revenue showing these Rent figures." (*Id*. at 6.) Roode stated in his Brief that he paid for repairs and maintenance, utilities and business premises insurance for Plaintiff's data center (which was his personal residence) and all of those expenses should be deductible by Plaintiff.

Holt stated that Plaintiff did not submit any evidence showing that the amended federal income tax returns for tax year 2007, 2008 and 2009 were received by the Internal Revenue Service and the "1040X she reviewed for one year adjusted Plaintiff's income for royalties, but not rent." Holt testified that the Oregon Department of Revenue did not accept Plaintiff's amended state income tax returns. She referenced Exhibit R, stating that the Lease Agreement between Plaintiff and Roode was not entered into until June 2011 and stated that the terms of the tenancy began January 1, 2007, was renewable annually, and annual rent was $18,000. (Def's Ex R at 1.) Holt disputed that the rental expense is an "ordinary and necessary expense," stating there is no evidence showing that "24-7 coverage" is "necessary."

Roode testified that Plaintiff is entitled to a deduction for meals paid to its employee. In his Brief, Roode wrote:

> "Meals on the Business Premises are allowed based on the specific language in 26 USCS § 199 when the meals are provided for a substantial noncompensatory business reason. The fact that [] an employee is on call is specifically mentioned as such a reason in the Treasury Regulations."

(Ptf's Brief at 6.[2]) Roode concluded that "[g]roceries are deductible according to UNITED STATES COURT OF APPEALS In Jacob v. US (1974)" and are a "direct operating cost." (Id. at 6-7.)

/ / /

---

[2] Plaintiff incorrectly cites to the United States Code and failed to include a reference to the edition cited. It is unclear if Plaintiff intended to cite the official United States Code, or is citing an unofficial source.

Roode testified that Plaintiff is entitled to claim "compensation to officers." In his Brief, Roode wrote:

> "While it is true that the corporation did not actually spend these Compensation amounts during the tax years in question, it is also true that since then the corporation has filed and paid all the State and Federal payroll-related reports, paid all the payroll taxes, and all the penalties and interest due to late payment and late filing of payroll reports. Also, the recipient has not only paid taxes on these Wages, but also penalties and interest due to late payment of taxes. To roll back all those transactions at this point is both onerous and unreasonable. The tax code specifically allows deductions if there are matching receipts which have been reported, and on which taxes have been paid, see 26 USCS § 267. Also see § 167(a)(1) which provides that the taxpayer's business expenses shall include a 'reasonable allowance' for salaries and other compensation."

(Ptf's Brief at 7.) Holt testified that because the salaries were not paid in 2007, 2008 and 2009 Plaintiff is not entitled to the deduction in those years, citing Internal Revenue Code section 461 and ORS 305.217.

Roode testified that Plaintiff is entitled to claim a deduction for automobile mileage. Even though a contemporaneous log was not maintained, Roode testified that

> "[w]here records are incomplete or documentary proof is unavailable, it may be possible to establish the amount of the expenditures by approximations based on reliable secondary sources of information and collateral evidence. * * * Direct operating costs obviously include the cost of groceries, and the cost of procuring those groceries – in other words trips to the supermarket. There is no dispute that these trips were made – they are all documented on reliable secondary sources of information."

(*See* Ptf's Brief at 8, Exs 4, 5, 6.) Holt testified that the odometer reading for the reported corporate vehicle was "adjusted" to reflect the disallowance of mileage reported to Troutdale, Banks and Sherwood and mileage reported to Trader Joe's and Safeway was substituted. (*See* Def's Ex O.) She testified that it appears Plaintiff is claiming "actual mileage" and "a mileage allowance," referencing Defendant's Exhibits B, page 17, and M.

Roode testified that he is entitled to royalties for the software he is allowing Plaintiff to use. In his Brief, Roode stated:

"While it is true that the corporation did not pay these Royalties amounts during the tax years in question – it simply did not have the resources to do so – it is also true that since then both the corporation and the recipients have filed amended returns to the IRS & the Oregon Dept. of Revenue showing these Royalties figures. More importantly, the recipients have not only paid taxes on these amounts, but also penalties and interest due to late payment of taxes. To roll back all those transaction at this point is both onerous and unreasonable. The tax code specifically allows deductions if there are matching receipts which have been reported, and on which taxes have been paid, see 26 USCS § 267."

(Ptf's Brief at 9.) Roode testified that he has copyrights on the software. Holt disputed the applicability of Internal Revenue Code section 267 to Plaintiff, a "cash basis taxpayer."

Roode testified that Plaintiff is entitled to claim a deduction for office supplies. Roode testified that "the numbers provided above were paid during the tax year." (*See* Ptf's Brief at 10.) Holt testified that she does not agree that the amount claimed by Plaintiff was substantiated, citing Defendant's Exhibit L, page 15, and noting that the "amended return" claimed less than the total without explaining the difference.

Roode disputed Defendant's proposed adjustment of constructive dividend. (Ptf's Brief at 11.) He wrote:

"The real-world annual costs of running a business such as this in an arm's length manner are approximately $235,000 (Total Deductions + Reasonable Salary) as can be seen from the above table. [A "table" was not included.] The corporation's capital and cash flow during these tax years clearly could not possibly cover those ordinary and necessary expenses, and therefore its expenses had to be subsidized. To impute Constructive Dividends is such a situation makes a mockery of the concepts of fairness and justice."

In response, Holt cited Internal Revenue Code sections 301 and 316 and her audit report. (Def's Ex G at 15-16.)

## II. ANALYSIS

"The Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to

/ / /

adjustments and modifications specified in Oregon law. ORS 316.007." *Ellison v. Dept. of Rev.*, TC-MD No 041142D, WL 2414746 at \*6 (Sept 23, 2005) (citations omitted).

The threshold issue before the court is whether Plaintiff can claim deductions for expenses when it did not actually disburse funds in payment of the expense to be claimed as a deduction. Under the cash receipts and disbursements method of accounting, amounts representing allowable deductions shall, as a general rule, be taken into account for the taxable year in which paid. Treas Reg § 1.461-1(a)(1). It is well established by case law that a cash method taxpayer cannot pay an amount by executing a note. *See* e.g., *Baltimore Dairy Lunch v. U.S.*, 231 F2d 870, 875 (8th Cir 1956) (salary paid by note did not give rise to current deduction). A check does constitute payment.

In the case before the court, there was no evidence of payments (by check or cash) by Plaintiff for the claimed expenditures in 2007, 2008 and 2009. Roode testified that none of the claimed deductions for compensation, rent, royalties, office supplies, mileage, meals, insurance and repairs and maintenance were paid by Plaintiff in the tax years at issue. Roode testified that Plaintiff "simply did not have the resources to do so."

Roode alleges that if he is willing report the amounts claimed by Plaintiff as income on his personal return Plaintiff should be entitled to claim the deductions even if there were no payments. In effect, Roode concludes that the doctrine of constructive receipt springs forth the corollary of constructive payment. Case law states that "what may be income to the one, may not be deductible payment to the other." *Citizens Federal Savings & Loan Ass'n v. Comm'r*, 30 TC 285, 292 (1958) , acq 1958-2 CB 4. In *Vander Poel, Francis & Co v. Comm'r*, 8 TC 407 (1947), the Tax Court held that a cash basis taxpayer could not deduct salary constructively

/ / /

received by its officers, stating that constructive payment did not follow from constructive receipt.

Roode incorrectly concludes that Internal Revenue Code section 267 is applicable to the facts of this case, stating: "The tax code specifically allows deductions if there are matching receipts which have been reported, and on which taxes have been paid, see 26 USCS § 267."

IRC § 267(2)[3] states:

"If –

"(A) by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not (unless paid) includible in the gross income of such person, and

"(B) at the close of the taxable year of the taxpayer for which (but for this paragraph) the amount would be deductible under this chapter, both the taxpayer and person to whom the payment is to be made are persons specified in any of the paragraphs of subsection (b),

then any deduction allowable under this chapter in respect of such amount shall be allowable as of the day as of which such amount is includible in the gross income of the person to whom the payment is made (or, if later, as of the day on which it would be allowable, but for this paragraph.)"

Internal Revenue Code section 267 specifically states that if, *by reason of the payee's accounting method*, the payment is not includible in the payee's gross income (unless paid), and at the close of the payer's taxable year in which payment would be deductible, the payor and payee are considered related under section 267, then no deduction is permitted to the payor. There is no provision that Internal Revenue Code section 267 limits a deduction of a payment between related taxpayers if the related parties are using the same method of accounting. Plaintiff submitted no evidence that it and Roode are not using the same method of accounting or that

---

[3] All references to the IRC are to 2007. Because the appeal involved multiple tax years governed by different IRC editions, the court will, for ease of reference, cite to the 2007 edition. There are no material differences between the editions applicable to the tax years at issue.

Plaintiff and Roode are related taxpayers under section 267. There is no evidence supporting a conclusion that Internal Revenue Code section 267 is applicable to this case.

Plaintiff disputes Defendant's proposed constructive dividend adjustment. Plaintiff submitted no evidence showing that Defendant's proposed adjustment is in error. Plaintiff's claim that such an adjustment "makes a mockery of the concepts of fairness and justice" was not substantiated with documentation or applicable tax law.

### III. CONCLUSION

After careful review of the testimony and evidence, the court concludes that Plaintiff cannot claim a deduction for expenses in 2007, 2008 and 2009 when funds (*e.g.*, cash or check) were not disbursed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

IT IS FURTHER DECIDED that Defendant's Motion for Protective Order is granted with respect to Defendant's Exhibits that were admitted.

Dated this ___ day of May 2013.

JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Presiding Magistrate Jill A. Tanner on May 21, 2013. The court filed and entered this Decision on May 21, 2013.*